NETTIE G. EDDY *vs.* CLARENCE H. MATHEWSON *et al.*

JANUARY 11, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Sweetland, JJ.

(1) *Wills. Construction. "Children." "Grandchildren."*

Testamentary provision: "After the decease or marriage of my wife, I give, devise, and bequeath all said estate to her children to be and remain to them their heirs and assigns forever. Excepting however from the provisions of this clause, the heirs of my daughter Nettie G. Eddy, deceased." Nettie G. Eddy was the name of testator's granddaughter, the daughter of his daughter, who married an Eddy.

*Held,* that the plain intent was to exclude the heirs of his daughter from participation in the residue, and to devise it to the children of his wife living at the time of her death.

*Held,* further, that the word "children" in a will, is to be understood in its
simple and primary signification when possible, and not so as to include
grandchildren, unless it is necessary to hold so to give effect to the words of
the will, or to the evident intent of testator.

BILL for construction of will.

DUBOIS, C. J. This is a bill in equity for the construction
of the last will and testament of John W. Mathewson, late of
the town of Smithfield, deceased. The bill is brought by
Nettie G. Eddy, who claims to be interested in the property
and estate of the testator, both as a legatee and as the sole
heir of her mother, Antoinette (Mathewson) Eddy, a daughter
of the testator. The two respondents are the only other per-
sons interested in the provisions of the will, and are the two
sons of the testator and, therefore, the uncles of the com-
plainant. The three parties are all the heirs of the testator
and his wife. The respondents have filed an answer, issues have
been joined, the testimony of witnesses has been taken, and
the cause, being ready for final decree, has been certified to this
court in accordance with section 35 of chapter 289 of the
General Laws of 1909.

It appears that John W. Mathewson died June 12, 1901,
leaving a last will which was probated by the Probate Court of
Smithfield, and a copy thereof is annexed to the bill of com-
plaint. The will is dated February 15, 1884. The provision
which the complainant seeks to have construed is the third
paragraph of the will, namely: "*Thirdly.* After the de-
cease or marriage of my said wife, I give, devise and bequeath
all said estate both real and personal to her children to be and
remain to them their heirs and assigns forever. Excepting,
however from the provisions of this clause, the heirs of my
daughter Nettie G. Eddy, deceased."

By the first clause of his will the testator made the follow-
ing bequest: "I give and bequeath to my grandchild Nettie
G. Eddy daughter of John L. Eddy the sum of twenty-five dol-
lars." It is to be noted therefrom that he omits to give the
name of his daughter, but does give in full that which is con-

ceded to be the correct name of his grandaughter, the daughter of his daughter who married John L. Eddy, and in fact the only daughter named Eddy. It appears that his other daughters died in infancy, unmarried and intestate. It may be further noted that in the third paragraph of his will no bequest or legacy is given to the heirs of his daughter, but that the plain intent thereof is to exclude them from any participation in the residue of the estate therein disposed of. If this clause had been written: "Excepting, however, from the provisions of this clause Nettie G. Eddy, the heir of my daughter, deceased," no question could have arisen as to the intent of the testator. But to our minds it is perfectly plain that he meant to accomplish that result. He did have a deceased daughter who had been the wife of John L. Eddy; the only heir of that daughter at the time of the execution of the will was Nettie G. Eddy, the complainant. The deceased daughter was named Antoinette, the diminutive of which is "Net, Netty." Webster's International Dict.

The object to be accomplished in the construction of a will is to ascertain the intent of the testator, in order that the same may be carried into effect according to law. The evident intent of the testator, as expressed in the third clause of his will, is to devise and bequeath the residue of his estate to the children of his wife living at the time of her death; but out of abundant caution he added the unnecessary clause to the effect that the heirs of his deceased daughter should not participate therein. His plain intent will be defeated by a construction which will include the complainant. Nor is there anything in the law which requires it. The word "children," when used in a will, is to be understood in its simple and primary signification, when it can be so understood, and it can not be held to include grandchildren unless it is necessary to hold so in order to give effect to the words of the will or to the evident intent of the testator. *Tillinghast* v. *D'Wolf*, 8 R. I. 69; *Winsor* v. *Odd Fellows*, 13 R. I. 149; *Williams* v. *Knight*, 18 R. I. 333; *Will of Reynolds*, 20 R. I. 429; *Tiffany* v. *Emmet*, 24 R. I. 411. We therefore construe

the third paragraph of the will to exclude the complainant and to include the respondents.

A form of decree in accordance with this opinion may be presented for allowance.

*James B. Littlefield,* for complainant.

*Irving Champlin, James Harris,* for respondents.